1  PENELOPE A. PREOVOLOS (CA SBN 87607)
   PPreovolos@mofo.com
2  ANDREW D. MUHLBACH (CA SBN 175694)
   AMuhlbach@mofo.com
3  HEATHER A. MOSER (CA SBN 212686)
   HMoser@mofo.com
4  SUZANNA P. BRICKMAN (CA SBN 250891)
   SBrickman@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California  94105-2482
   Telephone: 415.268.7000
7  Facsimile: 415.268.7522

8  *Attorneys for Defendant*
   APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADAM WEISBLATT, JOE HANNA, and DAVID TURK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., AT&T INC., AT&T MOBILITY LLC, and Does 1-10,<br><br>Defendants. | Case No.   CV 10-02553 RMW<br><br>**APPLE INC.'S NOTICE OF JOINDER IN AT&T MOBILITY LLC'S MOTION TO STAY PROCEEDINGS**<br><br>**The Hon. Ronald M. Whyte**<br><br>**FAC filed:  June 23, 2010** |

APPLE'S NOTICE OF JOINDER IN ATTM'S MOTION TO STAY
CV 10-02553 RMW
sf-2884729

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant Apple Inc. ("Apple") hereby joins AT&T Mobility LLC's ("ATTM") motion to stay the proceedings herein. (ECF No. 23) ATTM's motion is predicated on the United States Supreme Court's recent grant of *certiorari* to review the Ninth Circuit's decision in *Laster v. AT&T Mobility LLC*, 584 F.3d 849 (9th Cir. 2009), review granted *sub nom. AT&T Mobility LLC v. Concepcion*, 2010 U.S. LEXIS 4309 (U.S. May 24, 2010) ("*Concepcion*"). *Concepcion* involves an ATTM arbitration agreement that is materially equivalent to that at issue here, and poses the question whether the Federal Arbitration Act preempts states from refusing to enforce arbitration agreements on the ground that the arbitration agreement does not authorize the use of class-action procedures. For the reasons set forth in ATTM's motion, these proceedings should be stayed pending resolution of *Concepcion*.

The stay of proceedings must necessarily extend to Apple as well as to ATTM. There is clear precedent in this District for staying proceedings as to Apple as well as ATTM where appellate proceedings are pending regarding co-defendant ATTM's arbitration provision. *See Steiner v. Apple Computer, Inc.*, No. C 07-04486 SBA, 2008 U.S. Dist. LEXIS 90335, at *20 n.16 (N.D. Cal. Apr. 29, 2008). In *Steiner*, Judge Armstrong issued a stay *sua sponte* of the entire matter pending review of the enforceability of ATTM's arbitration clause on appeal. *Id.* As the *Steiner* plaintiffs conceded, a stay directed at ATTM and not Apple would "lead[] to a chaotic state of affairs." *Id.* Similarly chaotic results would result here if the case were stayed as to ATTM only in a case regarding ATTM's data plans for iPad.[1]

This Joinder is based on the Notice, ATTM's stay request, and such other written and oral argument as may be presented to the Court.

---

[1] In another action against Apple and ATTM pending in this District (related to the iPhone 3G), Judge Ware dismissed plaintiffs' master complaint against both ATTM and Apple, holding that "the claims against Defendant Apple are inextricably tied to the claims alleged against defendant ATTM" and the Court is "unable to reasonably separate Plaintiffs' claims that pertain only to defendant Apple." *In re Apple iPhone 3G Prods. Liab. Litig.*, No. C 09-02045 JW, 2010 U.S. Dist. LEXIS 79054, *31 (N.D. Cal. Apr. 2, 2010). The Court concluded that the case could not proceed against Apple alone because ATTM is an indispensable party. *Id.* Because plaintiffs' allegations relate to alleged representations regarding the availability of ATTM's data plans, the same reasoning applies with equal force here.

| | |
|---|---|
| Dated: August 17, 2010 | PENELOPE A. PREOVOLOS<br>ANDREW D. MUHLBACH<br>HEATHER A. MOSER<br>SUZANNA P. BRICKMAN<br>MORRISON & FOERSTER LLP |
| | By:   /s/ Penelope A. Preovolos<br>      PENELOPE A. PREOVOLOS |
| | *Attorneys for Defendant*<br>APPLE INC. |