1   Michael W. Sobol (State Bar No. 194857)
    *msobol@lchb.com*
2   Roger N. Heller (State Bar No. 215348)
    *rheller@lchb.com*
3   Allison Elgart (State Bart No. 241901)
    *aelgart@lchb.com*
4   LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
    275 Battery Street, 29th Floor
5   San Francisco, CA  94111-3339
    Telephone:  (415) 956-1000
6   Facsimile:  (415) 956-1008

7   *Attorneys for Plaintiffs*

8

9                  **UNITED STATES DISTRICT COURT**

10      **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

11
    ADAM WEISBLATT, JOE HANNA, and          Case No. 5:10-cv-02553-RMW
12  DAVID TURK, individually and on behalf of
    all others similarly situated,          CLASS ACTION
13
                       Plaintiffs,          **JOINT CASE MANAGEMENT**
14                                          **STATEMENT**
    v.
15                                          Date:  October 15, 2010
    APPLE INC., AT&T INC., AT&T             Time:  10:30 a.m.
16  MOBILITY LLC, and Does 1-10,            Courtroom 6, 4th Floor
                                            Hon. Ronald M. Whyte
17                     Defendants.

18

19

20          Pursuant to the Stipulation and Order Continuing Case Management Conference, filed

21  August 27, 2010 (Doc. No. 39), and in accordance with Local Rule 16-9(a) and the Court's

22  Standing Order Re Contents of Joint Case Management Statement, the parties hereby file their

23  Joint Case Management Statement in advance of the Case Management Conference scheduled on

24  October 15, 2010.

25          1.   **Jurisdiction and Service.**

26          Subject matter jurisdiction is based on the Class Action Fairness Act, 28 U.S.C.

27  § 1332(d).  In addition, defendant Apple Inc.'s ("Apple") principal place of business is located in

28

---
                                                              CASE NO. 5:10-cv-02553
                     JOINT CASE MANAGEMENT STATEMENT

1   this District and Division, and defendant AT&T Mobility LLC ("ATTM") also does business in

2   this District and Division.  All parties have been served.  The parties stipulated to dismissal of

3   AT&T Inc. without prejudice, and the Court entered its order dismissing AT&T Inc. without

4   prejudice on September 16, 2010 (Doc. No. 41).

5        **2.  Facts.**

6           **(i)  Plaintiffs' position.**

7           Plaintiffs allege claims against Defendants Apple and ATTM in connection with the

8   sale of 3G-enabled iPads.  Specifically, Plaintiffs allege that Apple and ATTM intentionally made

9   material, false representations to consumers regarding the availability of a flexible unlimited 3G

10  data plan in order to bait consumers into purchasing 3G-enabled iPads, which cost approximately

11  $130 more than iPads that are not 3G-enabled.  Apple and AT&T promised consumers flexibility

12  with their data plans, allowing them the ability to freely switch back and forth between the limited

13  data plan, the unlimited data plan, and no 3G data plan, based on their budgets and data needs.

14  The availability of a flexible unlimited data plan was material to purchasers' decisions because it

15  allows customers to download video, music and other data-intensive content on their iPads

16  without incurring excessive charges, and also allows them to not pay for unlimited data when

17  they do not need it.  Then, approximately a month after Apple began selling the 3G-enabled iPad,

18  and after months of promoting the flexible unlimited data plan as a key benefit of the 3G-enabled

19  iPad, ATTM discontinued the unlimited 3G data plan.  The purchasers who initially opted for the

20  limited data plan were stripped of their ability to later opt for the unlimited data plan, and even

21  those customers who were signed up for the unlimited data plan can no longer switch to a limited

22  data plan, then later opt for the unlimited plan again, as was originally promised.  Apple and

23  AT&T announced this policy change within just weeks after selling at least hundreds of

24  thousands of 3G-enabled iPads upon the product's initial launch.  Plaintiffs and the putative Class

25  seek damages, restitution, and injunctive relief for Defendants' ubiquitous false representations,

26  on their respective websites and elsewhere, that customers who purchase iPads with 3G capability

27  would be able to freely switch in and out of an unlimited 3G data plan each month as their data

28  needs demanded.

1          **(ii)  Defendants' position.**

2                  As set forth in section 4(A)(i) below, ATTM has moved to compel arbitration and to

3    stay this action pending the United States Supreme Court's decision in *AT&T Mobility LLC v.*

4    *Concepcion*, No. 09-893.  *See* Doc. No. 23.  Apple has joined in the motion to stay.

5                  Defendants do not believe it is appropriate to argue the merits of this case in this

6    Statement but given plaintiffs' argumentative recitation, defendants are compelled to note that

7    Apple's iPad 3G and ATTM's data service plans for iPad 3G have been well received by

8    consumers.  Contrary to plaintiffs' allegations, ATTM's "Unlimited" data plan was made

9    available to all iPad owners who purchased their iPad 3Gs prior to the time ATTM announced the

10   restructuring of its data plans.  Defendants at all times truthfully represented all aspects of the

11   iPad and data plans, and deny plaintiffs' allegations.  Defendants further deny that plaintiffs were

12   injured or damaged in any way or that they are entitled to any relief.

13          **3.  Legal Issues.**

14                  The operative First Amended Complaint ("FAC") (Docket No. 8) asserts the following

15   seven causes of action:  (i) intentional misrepresentation; (ii) false promise/fraud; (iii) negligent

16   misrepresentation; (iv) violation of the California Consumer Legal Remedies Act, Cal. Civ. Code

17   §§ 1750 et seq.; (v) violation of California Business & Professions Code §§ 17200 et seq.;

18   (vi) violation of California Business & Professions Code §§ 17500 et seq.; and (vii) unjust

19   enrichment.  Defendants deny all liability allegedly arising from plaintiffs' claims.  In addition,

20   the parties dispute: (a) whether ATTM's arbitration provision is enforceable as to one or more of

21   the Plaintiffs; and (b) whether Plaintiffs' claims are suitable for class treatment under Fed. Rule

22   Civ. Pro. 23

23          **4.  Motions.**

24          **A.  Pending Motions:**

25          **(i)  Defendants' position.**

26                  On August 16, 2010, ATTM moved to compel arbitration of the plaintiffs' disputes

27   with ATTM, or, in the alternative, to stay the case pending the U.S. Supreme Court's decision in

28   *AT&T Mobility LLC v. Concepcion*, No. 09-893. *See* Doc. No. 23.  Each plaintiff has entered into

1   one or more agreements to arbitrate their disputes with ATTM on an individual rather than class-

2   wide basis.   Specifically, in *Concepcion*, the Supreme Court will decide whether the Federal

3   Arbitration Act preempts California law and requires the enforcement of ATTM's arbitration

4   agreement.  The Supreme Court will hear oral argument in *Concepcion* on November 9.

5   ATTM's motion to compel arbitration (or to stay proceedings pending *Concepcion*) is set for

6   hearing before this Court on October 15, 2010.  Apple filed its joinder in ATTM's motion to stay

7   on August 17, 2010 (Doc. No. 35).

8          On October 4, 2010, Apple filed an Administrative Motion To Relate *Osetek v. Apple*

9   *Inc.*, Case No. 5:10-cv-04253-JW, currently pending before Judge Ware (*see* Doc. No. 45).

10                   **(ii)  Plaintiffs' position.**

11          Plaintiffs' position is that ATTM's arbitration and class waiver provision is

12   unconscionable and thus unenforceable, that the requested stay is not warranted, and that

13   ATTM's pending motion should be denied in its entirety.  *See* Docket No. 42 (Plaintiffs'

14   Opposition Brief).

15          Plaintiffs do not oppose Apple's motion to relate the *Osetek* case to this action.

16          **B.  Anticipated Motions:**

17                   **(i)  Plaintiffs' position.**

18          Plaintiffs anticipate that they will to move for class certification of their claims,

19   pursuant to Fed. R. Civ. P. 23, at the appropriate time.

20                   **(ii)  Defendants' position.**  Defendants' position is that ATTM's pending motion

21   to compel arbitration may be dispositive of this case as to ATTM, or may result in the suspension

22   of proceedings in this case.  In the event that the proceedings are not suspended, Apple anticipates

23   making a Federal Rule of Civil Procedure 42 motion to consolidate the *Weisblatt* action, *Logan v.*

24   *Apple Inc.*, Case No. 4:10-cv-02588-RMW, and *Osetek v. Apple Inc.*, Case No. 5:10-cv-04253-

25   JW.

26          **5.  Amendment of Pleadings.**

27                   **(i)  Plaintiffs' position.**

28          Plaintiffs filed their operative First Amended Complaint on June 23, 2010 (Docket No.

8).  Plaintiffs anticipate the possibility that after the Court's ruling on ATTM's motion to compel arbitration, a further amendment to the pleadings may be appropriate.  Moreover, should this case be consolidated with the *Logan* and/or *Osetek* matters, an amended Master Complaint may be appropriate.

      **6.**  **Evidence Preservation**.

            **(i)**  **Plaintiffs' position**.

There is no reason to delay addressing evidence preservation, and Plaintiffs believe that the parties should commit to taking all necessary steps to preserve any and all written and electronic evidence that may be relevant to this case.  Plaintiffs request that the Court order the parties to meet and confer about evidence preservation issues, and to submit any unresolved issues to the Court as necessary.

            **(ii)**  **Defendants' position**.  For the reasons we discuss in paragraph 8 below, proceedings relating to discovery on the merits is improper while a motion to compel arbitration is pending.   In light of ATTM's pending motion to compel arbitration, which potentially will be dispositive of this case as to ATTM, or which may result in the suspension of proceedings in this case, defendants' position is that it is premature to address evidence preservation issues at this time.

      **7.**  **Disclosures**.

            **(i)**  **Plaintiffs' position**.

There is no reason to delay the exchange of initial disclosures at this time.

            **(ii)**  **Defendants' position**.  In light of ATTM's pending motion to compel arbitration, which potentially will be dispositive of this case as to ATTM, or which may result in the suspension of proceedings in this case, defendants' position is that it is premature to address initial disclosures at this time and that initial disclosures should be deferred until after the Court rules on the pending motion.

      **8.**  **Discovery**.

            **(i)**  **Plaintiffs' position**.

There is no reason to delay discovery at this time.  Plaintiffs propose that discovery be

1  open for all purposes.  Plaintiffs propose that the parties and Court discuss an appropriate

2  discovery schedule and appropriate numerical limits for written discovery and depositions at the

3  upcoming Case Management Conference.

4          **(ii)  Defendants' position.**  In light of ATTM's pending motion to compel

5  arbitration, which potentially will be dispositive of this case as to ATTM, or which may result in

6  the suspension of proceedings in this case, defendants' position is that it is premature to address

7  discovery at this time and that discovery should not proceed until after the Court rules on the

8  pending motion.  In accord with the strong federal policy favoring the enforcement of arbitration

9  agreements, defendants are not required to litigate the merits of the plaintiffs' claims—including

10  participating in discovery— while a motion to compel arbitration is pending.  As the Supreme

11  Court has held, "in passing upon a[n] application for a stay while the parties arbitrate, a federal

12  court may consider ***only*** issues relating to the making and performance of the agreement to

13  arbitrate." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967) (emphasis

14  added); *see also Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999).  Requiring a

15  defendant to respond to merits discovery in the face of a motion to compel arbitration would

16  subject that defendant to the "very complexities, inconveniences[,] and expenses of litigation that

17  the [parties] determined to avoid [by agreeing to arbitrate]." *Suarez-Valdez v. Shearson*

18  *Lehman/Am. Express, Inc.,* 858 F.2d 648, 649-50 (11th Cir. 1988) (Tjoflat, J., concurring).

19  Instead, if this Court finds that this dispute is arbitrable, the arbitrator alone bears the authority

20  and the responsibility to conduct discovery.  For this reason, the Seventh Circuit has explained,

21  permitting "discovery on the merits" before "the issue of [the] arbitrability [of the dispute] is

22  resolved puts the cart before the horse." *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d

23  849, 855 (7th Cir. 2002).

24          Accordingly, courts routinely stay merits discovery when a motion to compel

25  arbitration is pending before the court.[1]

26  _____

          [1] *See, e.g., Stone v. Vail Resorts Dev. Co.*, 2010 WL 148278, at *4 (D. Colo. Jan. 7, 2010)
27  (granting stay of all discovery during pendency of motion to compel arbitration); *PCH Mut. Ins.
   Co. v. Cas. & Sur., Inc.*, 569 F. Supp. 2d 67, 78 (D.D.C. 2008) (staying merits discovery pending
28  resolution of motion to compel arbitration because "the Federal Arbitration Act requires that the
   (Continued…)

9. **Class Actions.**

(i) **Plaintiffs' position.**

Plaintiffs bring this action on behalf of the following Class:

> All persons in the United States who purchased or ordered an Apple iPad with 3G capability on or before June 6, 2010.
>
> Excluded from this Class is any person, firm, trust, corporation, or other entity related to or affiliated with Apple Inc., AT&T Inc., and AT&T Mobility LLC.

Plaintiffs contend that this action may properly be maintained as a class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3). Plaintiffs contend that this action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these provisions:

(a) Numerosity: The members of the Class are so numerous that joinder of all members is impractical, if not impossible. Plaintiffs are informed and believe that the Class consists of at least hundreds of thousands of individuals. The Class is composed of an easily ascertainable, self-identifying set of individuals and entities who purchased 3G-enabled iPads from Defendants.

(b) Commonality: Common legal and factual questions exist that predominate over any questions affecting only individual Class members. These common questions, which do not vary from Class member to Class member, and which may be determined without reference to any Class member's individual circumstances, include, but are not limited to whether:

---

Court resolve the threshold issue of whether the parties agreed to mandatory arbitration before the litigation of this matter can continue"); *Cunningham v. Van Ru Credit Corp.*, 2006 WL 2056576, at *2 (E.D. Mich. July 21, 2006) (staying merits discovery pending resolution of motion to compel arbitration); *Ross v. Bank of Am., N.A.*, 2006 WL 36904, at *1 (S.D.N.Y. Jan. 6, 2006) (same); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1281 (D. Colo. 2004) (issuing stay of "all discovery and pretrial scheduling" pending resolution of motion to compel arbitration); *Intertec Contracting A/S v. Turner Steiner Int'l, S.A.*, 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001) ("As is the general practice of district courts, a stay of discovery was imposed in this case while the motion to compel arbitration was pending before the Court."); *Cole v. Halliburton Co.*, 2000 WL 1531614, at *2 (W.D. Okla. Sept. 6, 2000) (refusing to permit discovery during pendency of motion to compel arbitration).

i. The offer of an unlimited data plan and/or the ability to switch in and out of an unlimited data plan are material facts that reasonable purchasers would have considered important in making their purchase decisions;

ii. Defendants engaged in unfair, false, misleading, or deceptive acts or practices regarding its marketing and sale of 3G-capable iPads, in violation of the UCL;

iii Defendants represented, through their words and conduct, that their iPads with 3G capability had characteristics, uses, or benefits they did not actually have, in violation of the CLRA;

iv. Defendants advertised the 3G-capable iPads with the intent not to sell them as advertised, in violation of the CLRA;

v. Defendants' conduct regarding the marketing and sale of its 3G iPads was likely to mislead or deceive, and is therefore fraudulent, within the meaning of the UCL;

vi. Defendants' conduct alleged herein constitutes false advertising in violation of Cal. Bus. & Prof. Code §§ 17500, et seq.;

vii. Defendants' conduct alleged herein constitutes fraud and/or intentional misrepresentation;

vii. Defendants' conduct alleged herein constitutes negligent misrepresentation;

ix. Defendants have been unjustly enriched by their conduct alleged herein;

x. Plaintiffs and the Class are entitled to injunctive and/or other equitable relief, including restitution and disgorgement, and if so, the nature and amount of such relief;

xi. Defendants are liable for actual and/or compensatory damages, and, if so, the amount of such damages; and

xii. Defendants are liable for punitive damages, and if so, the amount of such damages.

(c) Typicality:  Plaintiffs' claims are typical of the Class members' claims. Defendants' common course of conduct caused Plaintiffs and all Class members the same damages.  In particular, Defendants' conduct caused each Class member's economic losses. Likewise, Plaintiffs and other Class members must prove the same facts in order to establish the same claims.

(d) Adequacy:  Plaintiffs are adequate Class representatives because they are Class members and their interests do not conflict with Class interests.  Plaintiffs retained counsel competent and experienced in consumer protection class actions, and together Plaintiffs and counsel intend to prosecute this action vigorously for the Class's benefit.  Plaintiffs and their counsel will fairly and adequately protect Class interests.

Moreover, the Class can be properly maintained under Rule 23(b)(2).  Defendants have acted or refused to act, with respect to some or all issues presented in this action, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

Moreover, the Class can be properly maintained under Rule 23(b)(3).  A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual litigation of each Class member's claim is impracticable.  Even if each Class member could afford individual litigation, the court system could not.  It would be unduly burdensome if thousands of individual cases proceed.  Likewise, individual litigation presents a potential for inconsistent or contradictory judgments, the prospect of a race for the courthouse, as well as the risk of an inequitable allocation of recovery among those with equally meritorious claims.  Individual litigation further increases the expense and delay to all parties and the courts because it requires individual resolution of common legal and factual questions.  By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

Plaintiffs propose that the parties and the Court, in connection with setting an appropriate discovery schedule, discuss an appropriate schedule for Plaintiffs' anticipated class certification motion at the upcoming Case Management Conference.

**(ii) Defendants' position.**  Defendants dispute plaintiffs' contentions that the action is properly maintainable as a class action.  Furthermore, all of the named plaintiffs—and all putative class members—have agreed that they will resolve their disputes with ATTM by arbitration on an individual rather than class-wide basis, and accordingly that they will not bring or participate in a class-action lawsuit.  In light of ATTM's pending motion to compel

1    arbitration, which potentially will be dispositive of this case as to ATTM, or which may result in

2    the suspension of proceedings in this case, defendants' position is that it is premature to address

3    class issues at this time or to determine a schedule for a class certification motion.

4            **10. Related Cases.**

5            Pursuant to the Court's September 14, 2010 Related Case Order (Doc. No. 40), *Logan*

6    *v. Apple Inc.*, Case No. 4:10-cv-02588-RMW, previously pending before Judge Wilken, was

7    determined to be related to this action and was reassigned to this Court.  On October 4, 2010,

8    Apple filed an Administrative Motion To Relate *Osetek v. Apple Inc.*, Case No. 5:10-cv-04253-

9    JW, currently pending before Judge Ware (Doc. No. 45).

10           **11. Relief.**

11               **(i)  Plaintiffs' position.**

12           Plaintiffs, on behalf of themselves and the Class, seek: (a) permanent injunctive relief

13   enjoining Defendants from engaging in the false advertising and other improper activities alleged

14   in this case; (b) compensatory damages according to proof; (c) restitution according to proof; (d)

15   punitive damages according to proof; (e) pre- and post-judgment interest; and (f) reasonable

16   attorneys' fees and expenses.

17               **(ii)  Defendants' position.**  Defendants disagree that plaintiffs are entitled to any

18   relief and thus no calculation of estimated damages is appropriate.  Defendants further dispute

19   that damages can be calculated or ascertained on a classwide basis.  In light of ATTM's pending

20   motion to compel arbitration, which potentially will be dispositive of this case as to ATTM, or

21   which may result in the suspension of proceedings in this case, defendants' position is that it is

22   premature to address relief issues at this time.

23           **12. Settlement and ADR.**

24               **(i)  Plaintiffs' position.**

25           Plaintiffs believe it is appropriate at this stage for the parties to chose an appropriate

26   ADR option pursuant to ADR Local Rule 3, and have attempted to meet and confer with

27   Defendants about this issue.

28               **(ii)  Defendants' position.**  Defendants believe that any discussion of settlement is

1   premature at this time.  Defendants are not aware of any attempt by plaintiffs to meet and confer

2   with them regarding ADR.  ATTM's position is that the named plaintiffs should pursue their

3   disputes with ATTM by arbitration on an individual basis  in accordance with their arbitration

4   agreements,

5          **13. <u>Consent to Magistrate Judge for All Purposes</u>.**

6              **(i)  <u>Plaintiffs' position</u>.**  Defendants have declined to consent to a magistrate

7   judge for all purposes.

8              **(ii)  <u>Defendants' position</u>.**  Defendants decline to consent to a magistrate judge

9              for all purposes.

10         **14. <u>Other References</u>.**

11             **(ii)  <u>Defendants' position</u>.**  In light of ATTM's pending motion to compel

12  arbitration, which potentially will be dispositive of this case as to ATTM, or which may result in

13  the suspension of proceedings in this case, defendants' position is that it is premature to address

14  other references at this time.

15         **15. <u>Narrowing of Issues</u>.**

16             **(i)  <u>Plaintiffs' position</u>.**

17         The parties were unable to narrow the issues concerning the enforceability of ATTM's

18  arbitration and class waiver provision.  Plaintiffs believe it is premature at this time to discuss any

19  further narrowing of the issues.

20             **(ii)  <u>Defendants' position</u>.**  ATTM believes that its pending motion will

21  substantially narrow the issues by dismissing ATTM from the action.

22         **16. <u>Expedited Schedule</u>.**

23             **(i)  <u>Plaintiffs' position</u>.**

24         Plaintiffs believe it is premature to discuss any expedited scheduling at this time.

25             **(ii)  <u>Defendants' position</u>.**  In light of ATTM's pending motion to compel

26  arbitration, which potentially will be dispositive of this case as to ATTM, or which may result in

27  the suspension of proceedings in this case, defendants' position is that it is premature to address

28  scheduling issues at this time.

1    **17. <u>Scheduling</u>.**

2          **(i) <u>Plaintiffs' position.</u>**

3          Plaintiffs propose that the parties and the Court discuss an appropriate discovery

4    schedule and schedule for Plaintiffs' anticipated motion for class certification at the upcoming

5    Case Management Conference.

6          **(ii) <u>Defendants' position.</u>**  In light of ATTM's pending motion to compel

7    arbitration, which potentially will be dispositive of this case as to ATTM, or which may result in

8    the suspension of proceedings in this case, defendants' position is that it is premature to address

9    scheduling issues at this time.

10   **18. <u>Trial</u>.**

11         **(i) <u>Plaintiffs' position.</u>**

12         Plaintiffs believe that it is premature to discuss the date and length of trial at this time.

13         **(ii) <u>Defendants' position.</u>**  In light of ATTM's pending motion to compel

14   arbitration, which potentially will be dispositive of this case as to ATTM, or which may result in

15   the suspension of proceedings in this case, defendants' position is that it is premature to address

16   trial-related issues at this time.

17         **19. <u>Disclosure of Non-Party Interested Entities or Persons</u>.**

18         Defendant Apple filed its Certification of Interested Entities or Parties on June 29,

19   2010, stating that Apple has no parent corporation and that, according to Apple's Proxy Statement

20   filed with the Securities and Exchange Commission in January 2010, there are no beneficial

21   owners who own more than 10% of Apple's outstanding common stock.

22         Defendant ATTM filed its Certification of Interested Entities or Persons on August 16,

23   2010, identifying (in addition to counsel for the parties) the following:  Adam Weisblatt, Joe

24   Hanna and David Turk (plaintiffs); AT&T Mobility LLC, Apple Inc. and AT&T Inc.

25   (defendants); AT&T Mobility Corporation (owner of AT&T Mobility LLC (not publicly traded));

26   SBC Long Distance LLC (sole member SBC Telecom, Inc., owner of AT&T Mobility LLC (not

27   publicly traded)); SBC Alloy Holdings, Inc. (owner of AT&T Mobility LLC (not publicly

28   traded)); New BellSouth Cingular Holdings, Inc. (owner of AT&T Mobility LLC (not publicly

1    traded)); and BellSouth Mobile Data, Inc. (owner of AT&T Mobility LLC (not publicly traded)).

2           **20. <u>Other Matters.</u>**

3       None at this time.

4    Dated:  October 6, 2010           ***Counsel for Plaintiffs:***

5

6                         LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

7                         By:   */s/* Michael W. Sobol
                                Michael W. Sobol

8                                *msobol@lchb.com*
                                Roger N. Heller

9                                *rheller@lchb.com*
                                Allison Elgart

10                             *aelgart@lchb.com*
                                275 Battery Street, 29th Floor

11                                 San Francisco, CA  94111-3339
                                Telephone:  (415) 956-1000

12                                 Facsimile:  (415) 956-1008

13    DATED:  October 6, 2010          ***Counsel for Apple Inc.:***

14                         MORRISON & FOERSTER LLP

15                         By:   */s/* Penelope A. Preovolos

16                                 Penelope A. Preovolos
                                *ppreovolos@mofo.com*

17                                 Andrew D. Muhlbach (CA SBN 175694)
                                *amuhlbach@mofo.com*

18                                 Heather A. Moser (CA SBN 212686)
                                *hmoser@mofo.com*

19                                 425 Market Street
                                San Francisco, California  94105-2482

20                                 Telephone: 415.268.7000
                                Facsimile: 415.268.7522

21

22

23

24

25

26

27

28

1    DATED:  October 6, 2010          ***Counsel for AT&T Mobility LLC:***

2                                     CROWELL & MORING, LLP

3                                     By:  _/s/ Kathleen Taylor Sooy_
                                          Kathleen Taylor Sooy
4                                         *ksooy@crowell.com*
                                          1001 Pennsylvania Avenue, NW
5                                         Washington, D.C. 20004
                                          Tel: (202) 624-2500
6                                         Fax: (202) 628-5116

7                                         M. Kay Martin (CSB No. 154697)
                                          *mmartin@crowell.com*
8                                         275 Battery Street, 23rd Floor
                                          San Francisco, CA  94111
9                                         Telephone: (415) 986-2800
                                          Facsimile: (415) 986-2827

10

11   896159.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28