PENELOPE A. PREOVOLOS (CA SBN 87607)
PPreovolos@mofo.com
ANDREW D. MUHLBACH (CA SBN 175694)
AMuhlbach@mofo.com
HEATHER A. MOSER (CA SBN 212686)
HMoser@mofo.com
SUZANNA P. BRICKMAN (CA SBN 250891)
SBrickman@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

*Attorneys for Defendant*
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADAM WEISBLATT, JOE HANNA, and DAVID TURK, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>     v.<br><br>APPLE INC., AT&T INC., AT&T MOBILITY LLC, and Does 1-10,<br><br>            Defendants. | Case No.   5:10-cv-02553 RMW<br><br>**REPLY IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>**N.D. LOCAL RULE 3-12**<br><br>The Hon. Ronald M. Whyte<br><br>Related Case:<br><br>*Colette Osetek v. Apple Inc.*<br>Case No. 5:10-cv-04253 JW |

**INTRODUCTION**

Plaintiff Osetek's opposition to Apple Inc.'s ("Apple") motion to relate her case, *Osetek v. Apple Inc.* ("*Osetek* action"), to the instant action ignores the plain language of Civil Local Rule 3-12. Rule 3-12 requires that actions be related when they "concern substantially the same parties, property, transaction or event" and an "unduly burdensome duplication of labor and expense or conflicting results" would be likely if the actions are not related. Here, the cases are filed on behalf of the same purported nationwide class (purchasers of the iPad 3G), against the same defendant, Apple. They concern *exactly* the same "property, transaction and event" – the money plaintiffs and the purported class members paid for their iPad 3Gs, and the advertising of data plans for the iPad 3G. If the cases are not related, the same issues will be litigated in different actions on behalf of the same purported class against the same defendant. That is precisely what Rule 3-12 was intended to preclude.

Plaintiff seeks to evade application of the rule based on her decision not to name AT&T Mobility LLC ("ATTM") as a defendant. But that is precisely why Rule 3-12 requires that the parties be "substantially the same," not that they be identical. Were the rule otherwise, a plaintiff could game the system by adding or omitting a defendant in an otherwise identical lawsuit, just as plaintiff has attempted to do here. Plaintiff's ploy is both transparent and meritless. While she may prefer to prosecute her claims separately, she may not circumvent this Court's established procedures serving the interests of judicial economy and preventing conflicting rulings. The cases fall squarely within Rule 3-12 and must be related.

**RELEVANT BACKGROUND**

There are three related complaints currently pending in this District and Division, all of which involve virtually identical allegations concerning the iPad 3G. The present action, *Weisblatt*, was filed against Apple and AT&T Mobility LLC ("ATTM") on June 9, 2010. Plaintiff Weisblatt alleges that Apple and ATTM falsely advertised the availability of certain ATTM data plans for the iPad 3G. Three days later, on June 11, 2010, *Logan v. Apple Inc* et al., was filed, alleging essentially identical claims against Apple and ATTM concerning the iPad 3G. This Court related the two cases on September 14, 2010. (Doc. No. 40).

REPLY IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
Case No. 5:10-cv-02553 RMW
sf-2906201

1

1   Over three months later, on September 20, 2010, plaintiff filed a third complaint, *Osetek v.
2   Apple Inc.*, Case No. 5:10-cv-04253-JW, against Apple. *Osetek* is currently pending before Judge
3   Ware. *Osetek* is based on the same factual allegations regarding the advertising of ATTM's data
4   plans for the iPad 3G as *Weisblatt* and *Logan*. The same three causes of action alleged in *Osetek*
5   are also alleged in *Weisblatt* and *Logan*; indeed, the causes of action in *Osetek* and *Logan* are
6   identical. (*Weisblatt* also alleges additional causes of action based on the same facts.)

**ARGUMENT**

Under Local Rule 3-12, actions are related when: "(1) [they] concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." N.D. Cal. L-R 3-12. The *Osetek* complaint unquestionably satisfies both prongs of the rule.

**I.   THE WEISBLATT AND OSETEK ACTIONS CONCERN SUBSTANTIALLY THE SAME PARTIES, AND INVOLVE IDENTICAL PROPERTY, TRANSACTIONS, AND EVENTS.**

The two complaints concern substantially the same parties. Plaintiff Osetek purports to represent the same purported class alleged in both the *Weisblatt* and the *Logan* actions[1] against the same defendant – Apple. The *Weisblatt* and *Logan* actions also name ATTM as a defendant. But the presence of an additional defendant is immaterial to a related-case determination. Rule 3-12 requires only "substantially the same parties," not identical parties. *See, e.g., Fin. Fusion, Inc. v. Ablaise Ltd.*, 2006 U.S. Dist. LEXIS 97911, *10 (N.D. Cal. Dec. 15, 2006) (granting motion to relate cases where there was not exact identity of parties).

Further, the *Osetek* complaint involves the same "property, transaction, or event" as the *Weisblatt* and *Logan* complaints. All three complaints allege the same purported class of

---

[1] *Compare Osetek* Compl. ¶ 35 (alleging a class of "[a]ll persons in the United States who purchased or ordered an Apple iPad Wi-Fi + 3G between January 27, 2010 and June 7, 2010"), *with Weisblatt* Compl. ¶ 70 (alleging a class of "[a]ll persons in the United States who purchased or ordered an Apple iPad with 3G capability on or before June 6, 2010"), *and Logan* Compl. ¶ 62 (alleging a class of "[a]ll persons . . . who purchased, between January 27, 2010 and June 7, 2010 . . . an Apple iPad Wi-Fi + 3G in the United States for their own use, rather than resale or distribution").

REPLY IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
Case No. 5:10-cv-02553 RMW
sf-2906201

2

1  consumers seeking to recover based upon the same advertising of ATTM's iPad 3G data plans
2  prior to June 7, 2010. Plaintiffs in all three actions seek identical recovery – a refund of the iPad
3  purchase price – on behalf of those identical purported classes. In fact, Ms. Osetek is a putative
4  class member in both this action and in *Logan*. Osetek cannot seriously dispute that her action
5  seeking to recover from Apple the *same* monies for the *same* purported class members for the
6  *same* iPad purchases falls squarely within Rule 3-12. Any other conclusion would subvert its
7  core purpose of the Rule.

8   **II.   THERE WILL BE SIGNIFICANT AND UNNECESSARY DUPLICATION OF LABOR AND EXPENSE, AS WELL AS RISK OF CONFLICTING**
9   **RULINGS, IF THE ACTIONS ARE NOT RELATED.**

10      Plaintiff Osetek argues that because her complaint includes only three causes of action,
11  her legal claims are distinguishable from the seven causes of action in the *Weisblatt* complaint.
12  Osetek's argument is frivolous. Osetek alleges three causes of action: purported violations of
13  California's unfair competition law (§17200), false advertising law (§17500), and Consumer
14  Legal Remedies Act (§1750). *Weisblatt* and *Logan* allege *exactly the same three causes of*
15  *action*.

16      The fact that the *Weisblatt* complaint contains four additional common law claims based
17  on the same facts is irrelevant to the related case determination, *as this Court has already found*.
18  The Court has already related *Logan*, which alleges the same three causes of action as *Osetek*, to
19  *Weisblatt*. (Doc. No. 40.) Notably, Osetek makes no effort to distinguish this Court's prior
20  order, because she cannot; she simply ignores it. But plaintiff cannot ignore the fact that her
21  complaint, like *Logan*, falls squarely within Rule 3-12. Osetek may not litigate the same legal
22  and factual claims on behalf of the same purported class, in the same district and division, before
23  a different judge.

24      Permitting her to do so would result in precisely the wasteful duplication of effort and risk
25  of conflicting rulings that Rule 3-12 is intended to avoid. Because the factual issues are identical,
26  discovery and related motion practice would necessarily overlap. The putative classes are the
27  same, and therefore class certification motions would result in either conflicting class rulings by
28  two judges in the same district, or identical classes proceeding to trial on parallel tracks. In the

REPLY IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
Case No. 5:10-cv-02553 RMW
sf-2906201

3

latter case, there would also be a substantial risk of duplicative recovery in violation of Apple's due process rights.

## CONCLUSION

Plaintiff may not subvert Rule 3-12 and prosecute the same legal and factual claims on behalf of the same purported class in an effort to recover the same monies from the same defendant, Apple, before a second court in the same district. Osetek's complaint presents a paradigm case for application of Rule 3-12. This Court should reject plaintiff's attempt to circumvent the plain language of Rule 3-12 and enter an order relating the later-filed *Osetek* action to this first-filed action.

Dated: October 12, 2010

PENELOPE A. PREOVOLOS
ANDREW D. MUHLBACH
HEATHER A. MOSER
MORRISON & FOERSTER LLP

By:  /s/ Heather A. Moser
HEATHER A. MOSER

*Attorneys for Defendant*
APPLE INC.

REPLY IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
Case No. 5:10-cv-02553 RMW
sf-2906201

4

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California  94105-2482.  I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on October 12, 2010, I served a copy of:

**REPLY IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

☒ **BY OVERNIGHT DELIVERY [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with delivery fees provided for, addressed as follows, for collection by UPS, at 425 Market Street, San Francisco, California  94105-2482 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited in a box or other facility regularly maintained by UPS or delivered to an authorized courier or driver authorized by UPS to receive documents on the same date that it (they) is are placed at Morrison & Foerster LLP for collection.

☒ **BY PERSONAL SERVICE [Fed. Rule Civ. Proc. rule  5(b)]** by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and delivery at the mailroom of Morrison & Foerster LLP, causing personal delivery of the document(s) listed above to the person(s) at the address(es) set forth below.

I am readily familiar with Morrison & Foerster LLP's practice for the collection and processing of documents for hand delivery and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be taken from Morrison & Foerster LLP's mailroom and hand delivered to the document's addressee (or left with an employee or person in charge of the addressee's office) on the same date that it is placed at Morrison & Foerster LLP's mailroom.

| | |
|---|---|
| **Robert C. Schubert**<br>**Willem F. Jonckheer**<br>**Jason Andrew Pikler**<br>**Schubert Jonckheer & Kolbe LLP**<br>**Three Embarcadero Center, Suite 1650**<br>**San Francisco, CA  94111** | Attorneys for Plaintiffs<br>*Osetek v. Apple Inc.*<br>Case No. 5:10-cv-04253-JW<br><br>*VIA PERSONAL SERVICE* |
| **Peter A. Lagorio**<br>**Law Office of Peter A. Lagorio**<br>**63 Atlantic Avenue**<br>**Boston, MA  02110** | Attorneys for Plaintiffs<br>*Osetek v. Apple Inc.*<br>Case No. 5:10-cv-04253-JW<br><br>*VIA OVERNIGHT MAIL* |

REPLY IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
Case No. 5:10-cv-02553 RMW
sf-2906201

5

1  I declare under penalty of perjury that the foregoing is true and correct.

2  Executed at San Francisco, California, this 12th day of October, 2010.

    ──────────────────────────           ──────────────────────────
           Brenda J. Fuller                    *Brenda Fuller*
              (typed)                            (signature)

REPLY IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
Case No. 5:10-cv-02553 RMW
sf-2906201

6