Michael W. Sobol (State Bar No. 194857)
Roger N. Heller (State Bar No. 215348)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*E-FILED - 3/11/14*

*Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re Apple and AT&T iPad Unlimited Data Plan Litigation<br><br>ALL CONSOLIDATED ACTIONS | Case No. 5:10-cv-02553 RMW<br><br>**[] ORDER APPROVING APPLE SETTLEMENT AND DISMISSING CLAIMS OF SETTLEMENT CLASS MEMBERS WITH PREJUDICE** |

1160146.1

This matter came on for hearing on February 7, 2014.  The Court has considered the Stipulation of Settlement ("Agreement") entered into by and among defendant Apple Inc. ("Apple"), plaintiffs Adam Weisblatt, Joe Hanna, David Turk, Colette Osetek and Aaron Friedman, as individuals and as "Class Representatives" (collectively the "Parties" in the above-referenced "Action"), together with all exhibits thereto, all oral and/or written objections and comments received regarding the Agreement, the arguments and authorities presented by the Parties and their counsel, and the record in the Action, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.     All terms and definitions used herein have the same meanings as set forth in the Agreement.

2.     The Court has jurisdiction over the subject matter of the Action, the Class Representatives, the Settlement Class Members, and Apple, and venue is proper in this District.

3.     The Court finds that the notice to the Settlement Class of the pendency of this Action, this settlement, Class Counsel's application for attorneys' fees and expenses, and the application for service awards for Class Representatives, as provided for in the Agreement and by Order of this Court, has been implemented and constituted the best notice practicable under the circumstances to all persons and entities within the definition of the Settlement Class, and fully complied with all requirements, including Federal Rule of Civil Procedure 23 and due process.

4.     The Court approves the settlement as set forth in the Agreement and finds that the settlement is in all respects fair, reasonable, adequate, and just to, and in the best interests of, the Settlement Class Members.

5.     The Court has specifically considered the factors relevant to class settlement approval (*see*, *e.g.*, *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004)) — including, *inter alia*, the strength of Plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout trial; the relief provided for in the settlement; the extent of discovery completed and stage of the proceedings; the experience and views of Class Counsel and the mediator; and the reaction of the Settlement Class

Members to the proposed settlement (including the claims submitted and the small number of opt-out requests and objections)—and upon consideration of such factors finds that the settlement is fair, reasonable and adequate to all concerned.

6. The Court has also scrutinized the settlement and negotiation history for any signs of potential collusion (*see*, *e.g.*, *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935 (9th Cir. 2011)), and finds that the settlement is not the product of collusion. This finding is supported by, among other things: the fact that the settlement was negotiated by experienced, well-qualified counsel and with the active involvement and assistance of neutral, well-qualified mediators; the settlement provides substantial monetary benefits to class members and such benefits are not disproportionate to the attorneys' fees and expenses awarded to Class Counsel; the benefits provided to Settlement Class Members are appropriate under the circumstances of this case; and the parties began negotiating regarding attorneys' fees and expenses only after reaching an agreement regarding the key deal terms.

7. The Court has reviewed the two settlement objections that were submitted in this case. Neither of the two objections was sent to the Clerk of the Court, and thus both objections are invalid and overruled on the ground that they did not comport with the procedural requirements for submitting settlement objections as required by this Court's Orders (Docket No. 187, ¶ 22, Docket No. 188, ¶22). Nevertheless, the Court has provisionally considered both objections and the arguments made therein, and finds that in any event both objections lack merit and fail to state a compelling basis for denying settlement approval. The objections are therefore overruled on that additional ground as well.

8. Pursuant to Rule 23(c), the Settlement Class as finally certified shall be defined as follows:

> All United States residents who purchased or ordered an Apple iPad with 3G capability (iPad 3G) in the United States on or before June 7, 2010. The Settlement Class excludes Apple; any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; Apple's legal representatives, successors, and assigns; and wholesalers, resellers, retailers and distributors.

2
[] ORDER APPROVING APPLE SETTLEMENT & DISMISSING CLAIMS

1160146.1

9.  Excluded from the Settlement Class are persons and entities who submitted timely and valid requests for exclusion pursuant to section IV.K of the Agreement and this Court's September 26, 2013 Preliminary Approval Order (Docket No. 187), as determined by the Settlement Administrator. A list of persons and entities who validly and timely requested exclusion is on file with this Court at Docket No. 198-3, Ex. A.

10. The Parties and the Settlement Administrator shall, in good faith, implement and administer the process of verifying, processing and paying claims pursuant to the terms set forth in the Agreement.

11. In connection with this settlement, the Court adjudges that the payment of attorneys' fees and expenses in the total amount of $1,500,000 to Class Counsel is consistent with applicable law and is fair, reasonable and justified under the circumstances of this case—given, *inter alia*, the relief achieved for the Settlement Class Members, the time and effort devoted by Class Counsel, the complexity of the legal and factual issues involved, and the contingent nature of the fee—and hereby orders that said attorneys' fees and expenses shall be paid to Class Counsel pursuant to the terms of the Agreement.

12. The Court adjudges that the payment of service awards in the amount of $1,000 to each of the Class Representatives, to compensate them for their efforts and commitment on behalf of the Settlement Class, is fair, reasonable, and justified under the circumstances of this case, and hereby orders that said awards shall be paid to the Class Representatives pursuant to the terms of the Agreement.

13. As of the Effective Date, the Class Representatives and all Settlement Class Members shall be forever barred from bringing or prosecuting, in any capacity, any action or proceeding that involves or asserts any of the Released Claims against any Released Person and shall conclusively be deemed to have released and forever discharged the Released Persons from all Released Claims.

14. The Class Representatives and all Settlement Class Members shall, as of the Effective Date, conclusively be deemed to have acknowledged that the Released Claims may

include claims, rights, demands, causes of action, liabilities, or suits that are not known or suspected to exist as of the Effective Date. The Class Representatives and all Settlement Class Members nonetheless release all such Released Claims against the Released Persons. Further, as of the Effective Date, the Class Representatives and all Settlement Class Members shall be deemed to have waived any and all protections, rights and benefits of California Civil Code section 1542 and any comparable statutory or common law provision of any other jurisdiction.

15. The benefits and payments described in the Agreement are the only consideration, fees, and expenses Apple or the Released Persons shall be obligated to give to the Class Representatives, Settlement Class Members, and Class Counsel in connection with the Agreement and the payment of attorneys' fees and expenses.

16. All claims asserted against Apple in the Action are settled and dismissed on the merits and with prejudice as to the Class Representatives and all Settlement Class Members. Notwithstanding the foregoing, this Order does not dismiss any claims that have been or may be asserted in the future by any persons or entities who have validly and timely requested exclusion from the Settlement Class as provided for in section IV.K of the Agreement.

17. Notwithstanding the dismissal of the claims asserted against Apple in the Action, Apple shall not claim and may not be awarded any costs, attorneys' fees, or expenses. Apple shall not sue the Class Representatives, Class Counsel, or the Class Members for malicious prosecution or abuse of process based on the filing of the Action.

18. Without affecting the finality of the Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, the Class Representatives, the Settlement Class Members, and Apple for the purposes of supervising the implementation, enforcement, construction, and interpretation of the Agreement, this Order, and the Judgment.

19. The Agreement and this Order are not admissions of liability or fault by Apple or the Released Persons, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by Apple or the Released Persons. The Agreement and settlement are not a concession by the Parties, and to the extent permitted by law, neither this Judgment, nor

any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by Apple, the Released Persons, or any of them. Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order or the Judgment in a proceeding to consummate or enforce the Agreement or Judgment, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law. All other relief not expressly granted to the Settlement Class Members is denied.

20. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Agreement which are not materially inconsistent with either this Order or the terms of the Agreement.

IT IS SO ORDERED.

Dated: _____March 11_____, 2014

*Ronald M. Whyte*
_____
THE HONORABLE RONALD M. WHYTE
United States District Judge